IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KATRELL MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 16-cv-03197 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Katrell Morris's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 6). Petitioner served a fifteen-year term in federal prison pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), before being released from custody on October 20, 2016. He asks the Court to vacate his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015). The motion is DENIED. Petitioner is not entitled to relief on the merits because Petitioner's conviction for attempted robbery qualifies as a violent felony under the still-valid elements clause of the ACCA.

# I. BACKGROUND

On May 14, 2001, Petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On July 27, 2001, Petitioner pleaded guilty to this charge. In its Presentence Investigation Report (PSR), the Probation Office determined that Petitioner qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) because the Petitioner had at least three prior convictions for a violent felony as defined in 18 U.S.C. § 924(e)(2). PSR ¶ 21. Specifically, Petitioner had two Illinois convictions for aggravated discharge of a firearm and one juvenile adjudication for attempted robbery. See 18 U.S.C. § 924(e)(2)(C) ("[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.").

Petitioner's designation as an armed career criminal resulted in a ten-level offense enhancement. On December 7, 2001, the sentencing court imposed a fifteen-year term of imprisonment under the ACCA. Petitioner did not challenge the inclusion of his

# I. BACKGROUND

On May 14, 2001, Petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On July 27, 2001, Petitioner pleaded guilty to this charge. In its Presentence Investigation Report (PSR), the Probation Office determined that Petitioner qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) because the Petitioner had at least three prior convictions for a violent felony as defined in 18 U.S.C. § 924(e)(2). PSR ¶ 21. Specifically, Petitioner had two Illinois convictions for aggravated discharge of a firearm and one juvenile adjudication for attempted robbery. See 18 U.S.C. § 924(e)(2)(C) ("[T]he term 'conviction' includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.").

Petitioner's designation as an armed career criminal resulted in a ten-level offense enhancement. On December 7, 2001, the sentencing court imposed a fifteen-year term of imprisonment under the ACCA. Petitioner did not challenge the inclusion of his

attempted robbery conviction as a qualifying offense under the ACCA either at the sentencing hearing or on direct appeal.[1]

On June 9, 2016, Petitioner filed this Section 2255 motion, asserting that, under Johnson v. United States, his Illinois conviction for attempted robbery no longer qualifies as a violent felony under the ACCA and, therefore, he should be re-sentenced without the ACCA enhancement. On July 1, 2016, the Seventh Circuit granted Petitioner's application to file a second or successive motion under Section 2255. Morris v. United States, 827 F.3d 696 (7th Cir. 2016). On August 25, 2016, Petitioner, now with the assistance of appointed counsel, filed the amended motion under Section 2255 that is now before the court.

---

[1] Petitioner appealed his sentence on the grounds that the two aggravated discharge of a firearm convictions occurred on the same evening and therefore could not count as two separate qualifying offenses for the purposes of the ACCA. United States v. Morris, 293 F.3d 1010, 1012 (7th Cir. 2002). The Seventh Circuit rejected that argument and affirmed the sentence. Id. Petitioner then filed a motion to vacate his sentence under Section 2255, claiming among other things that defense counsel should have objected at sentencing to the treatment of Petitioner's attempted robbery conviction as a qualifying offense under the ACCA because the finding of juvenile delinquency was made by a judge rather than a jury. The district court judge denied the petition and the Seventh Circuit affirmed the denial of relief. Morris v. United States, 118 F. App'x 72 (7th Cir. 2004) (unpublished) ("Morris' Illinois juvenile adjudication for attempted robbery is just such a violent felony.").

## II. ANALYSIS

Section 2255 allows a person convicted of a federal crime to move a court to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255. It is an extraordinary remedy, because a Section 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under Section 2255 is therefore "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quotation omitted).

In his Section 2255 motion, Petitioner argues that his attempted robbery conviction qualified as a violent felony under the ACCA only under the residual clause. Petitioner argues that, in light of Johnson, his attempted robbery conviction no longer qualifies as a predicate offense and he is not subject to a Section 924(e) enhancement.

Generally, the penalty for the offense of being a felon in possession of a firearm, 18 U.S.C. § 922(g), is up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, if a defendant

violates Section 922(g) and has three previous convictions for violent felonies or serious drug offenses, or a combination of the two, the ACCA increases the sentence to a term of imprisonment of not less than fifteen years and up to life.  18 U.S.C. § 924(e)(1); Johnson, 135 S. Ct. at 2555.

The ACCA defines a violent felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The underlined portion is referred to as the "residual clause."  The other sections are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).  See Taylor v. United States, No. 12-CR-30090-MJR, 2015 WL 7567215, at *13 (S.D. Ill. Nov. 25, 2015) (noting that, until Johnson was decided, "a prior conviction could qualify as a violent felony under

three different sections of the ACCA—the elements clause, the enumerated clause, or the residual clause").

In Johnson v. United States, the Supreme Court invalidated the residual clause of the ACCA, 18 U.S.C. § 924(e)(1), because the language of the clause was unconstitutionally vague. 135 S. Ct. at 2557; see 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as a felony that "involves conduct that presents a serious risk of physical injury to another"). The Supreme Court later ruled that its holding in Johnson applied retroactively and, therefore, a petitioner may raise a claim under Johnson, attacking the validity of his sentence, in a Section 2255 motion. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016) ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review.").

The record in this case is unclear as to whether the sentencing court found that Petitioner's conviction for attempted robbery qualified as a violent felony under the elements clause or the residual clause. At the sentencing hearing, the court stated that "[t]here has been no objection raised to the attempted robbery adjudication as being an offense which would qualify as a prior

crime of violence. . . . And in this case, robbery has elements of violence in the definition in Illinois, so that clearly does qualify. There's no objection to that." (Tr. 21). The Government argues that this statement indicates that the sentencing court found that the attempted robbery conviction fell under the elements clause. This Court disagrees. Neither the PSR nor the transcript of the sentencing hearing specify under which clause of the ACCA Petitioner's conviction for attempted robbery was found to be a violent felony. See PSR ¶ 21 (stating that Petitioner's attempted robbery conviction was a violent felony "as defined in 18 U.S.C. § 924(e)(2)").

Without insight into whether the sentencing court relied on the still-valid elements clause or the now-invalid residual cause, this court must determine whether, if the sentencing court relied on the residual clause, such reliance was ultimately harmless. See Van Cannon v. United States, 890 F.3d 656, 661 (7th Cir. 2018) ("To win § 2255 relief, [the petitioner] had to establish a Johnson error *and* that the error was *harmful*."). This inquiry requires an assessment of whether the attempted robbery conviction was a violent felony under the elements clause of the ACCA, regardless of

any application it may have had under the residual clause. If the attempted robbery conviction could not have met the elements clause, then it necessarily must have been found to be a violent felony under the residual clause, and Johnson would provide relief from Petitioner's ACCA enhancement.

To determine whether a prior conviction qualifies as a violent felony under the ACCA's elements clause, courts use the "categorical approach." Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). This approach directs courts to "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses and *not* 'to the particular facts underlying those convictions'" in determining whether the offense fits within the particular ACCA clause defining violent felony. Id. (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)).

A violent felony under § 924(e)(2)(B)(i) "has as an element the use, attempted use, or threatened use of physical force against the person or another." In this context, "physical force" is "violent force—*i.e.*, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 134 (2010) (emphasis and citation omitted). When determining

whether a particular offense meets the elements clause, the court is bound by the state statute defining the offense, as well as the state courts' interpretation of the statutory elements. Id. at 133–34 ("The Court is bound . . . by the Florida Supreme Court's interpretation of the elements of the state law offense . . . .").

At the time that Petitioner was found delinquent for committing attempted robbery, Illinois defined robbery as "tak[ing] property . . . from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (1997). Illinois courts have consistently required that the force used or threatened be violent physical force. The Illinois Supreme Court has held that "the degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will." People v. Bowel, 488 N.E.2d 995, 997 (Ill. 1986). Illinois case law demonstrates that the level of force required to sustain a conviction for robbery is "force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 134.

The Seventh Circuit has unequivocally held that convictions for Illinois robbery are violent felonies under the elements clause of the ACCA. United States v. Dickerson, 901 F.2d 579, 584 (7th Cir. 1990) ("[A] violation of the Illinois robbery statute *per se* constitutes a violent felony for purposes of 18 U.S.C. § 924(e)(2)(B) . . . ."). ). More recently, the United States Supreme Court has made clear that a robbery offense requiring force "capable of causing physical injury . . . when it is sufficient to overcome a victim's resistance . . . satisfies ACCA's elements clause." Stokeling v. United States, 139 S. Ct. 544, 554 (2019). Illinois' robbery statute is precisely such an offense.

The next question is whether attempted robbery meets the elements clause of the ACCA. At the time of Petitioner's conviction, in Illinois, "[a] person commits the offense of attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4(a) (1997). Because the statute is a general attempt statute to be applied to numerous offenses, "the language of the attempt statute, standing alone, does not greatly advance our inquiry." United States v. Collins, 150 F.3d 668, 671

(7th Cir. 1998) ("Therefore, we must also look to Wisconsin caselaw to see how the Wisconsin courts have interpreted the attempt statute in the context of burglary."). In this case, the Court must look to how Illinois courts have applied the general attempt statute to the crime of robbery.

Illinois courts have taken the elements of the attempt and robbery statutes together when considering the elements of attempted robbery. People v. Williams, 355 N.E.2d 597, 600 (Ill. App. Ct. 1976). Illinois courts have established that the essential elements of attempted robbery are a substantial step toward the commission of the robbery and an attempt to take property from the person or presence of another by the use of force or threat of use of force. Illinois v. Martin, 210 N.E.2d 587, 589 (Ill. App. Ct. 1965). "The use of force or the threat of the imminent use of force is an essential element in the crimes of robbery and attempted robbery." Illinois v. Ashford, 308 N.E.2d 271, 275 (Ill. App. Ct. 1974).

At the time Petitioner filed his motion under Section 2255, whether attempted robbery in Illinois "has as an element the use, attempted use, or threatened use of physical force against the

person of another," 18 U.S.C. 924(e)(2)(B)(i), under the ACCA, was not decided.  That question has since been settled.

When the Seventh Circuit granted Petitioner leave to file a successive motion under Section 2255, Judge Hamilton wrote a separate concurrence addressing concerns about "whether to treat as violent felonies prior convictions for attempts to commit crimes that would, if completed, clearly be violent felonies under the surviving elements clause" of the ACCA.  Morris v. United States, 827 F.3d 696, 698 (7th Cir. 2016) (Hamilton, J., concurring).  Judge Hamilton wrote separately to suggest that "as a matter of statutory interpretation, an attempt to commit a crime should be treated as an attempt to carry out acts that satisfy each element of the completed crime."  Id. (emphasis omitted).  In this view, then, "[i]f the completed crime has as an element the use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime necessarily includes an attempt to use or to threaten use of physical force against the person or property of another."  Id. (emphasis omitted).

A little more than a year after granting Petitioner leave to proceed on his successive motion under Section 2255, the Seventh

Circuit adopted as the law of the circuit the analysis Judge Hamilton set forth in Morris. In that case, the Seventh Circuit concluded that "[w]hen a substantive offense would be a violent felony under § 924(e) . . ., an attempt to commit that offense is also a violent felony." Hill v. United States, 877 F.3d 717, 719 (7th Cir. 2017). While the particular crime at issue in Hill was attempted murder, subsequent decisions by the Seventh Circuit have made clear that attempted robbery in Illinois is a qualifying conviction under the still-valid elements clause of the ACCA. See United States v. D.D.B., 903 F.3d 684, 691 (7th Cir. 2018) (noting, in comparing attempted robbery under Indiana state law with attempted robbery under Illinois state law, that "[t]he crime of attempted robbery in Illinois thus requires proof of intent to carry out all of the elements of the crime of robbery, including the element of 'use of force or by threatening the imminent use of force'" (quoting 720 ILCS 5/18-1(a))). Therefore, Petitioner is not entitled to relief under Section 2255, as his conviction for attempted robbery under Illinois law is a qualifying conviction under the elements clause of the ACCA.

## III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a Section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a Section 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 6) is DENIED. The Court denies a certificate of appealability. This case is CLOSED.

ENTER: April 30, 2019

FOR THE COURT:

/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE